IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:05-CR-116-1H
No. 7:14-CV-134-H

LARRY ROUSE,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on the government's motion to dismiss, [D.E. #152], in response to petitioner's motion to vacate under 28 U.S.C. § 2255, [D.E. ##145]. Petitioner has filed a response, [D.E. #156], and this matter is ripe for adjudication.

### BACKGROUND

On March 6, 2006, petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute more than 5 grams of cocaine base (crack), in violation of 21 U.S.C. § 846 (Count One), and using and carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two). Petitioner was sentenced to a term of imprisonment of 192 months on July 12, 2006. Judgment was entered on the docket on July 19, 2006. Petitioner did not file a direct appeal. On June 23, 2014, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255.

## COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1 year limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

Petitioner did not appeal; therefore, his judgment became final on "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Therefore, his judgment became final upon entry on July 19, 2006, or at the latest 14 days later. Fed. R. App. 4(b)(1); United States v. Osborne, 452 F. App'x 294, 295 (4th Cir. 2011).

Petitioner did not file the instant motion to vacate under 28 U.S.C. § 2255, however, until June 23, 2014. Therefore, petitioner's motion was not filed within the statutory period set forth in § 2255(f)(1). Petitioner has also not alleged sufficient facts to show a basis for extending the statutory timeframe for filing under § 2255(f)(2)-(4) nor has he alleged sufficient facts to justify equitable tolling. Finally, while petitioner alleges he has an actual innocence claim, he is really asserting he is "innocent" of a sentencing enhancement, a claim that is insufficient to overcome the procedural hurdles faced by this petitioner. See Schlup v. Delo, 513 U.S. 298, 327 (1995) (To establish actual innocence, petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him."); Bousley v. United States, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal sufficiency.").

Therefore, petitioner's motion to vacate is untimely and, therefore, DISMISSED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [D.E. #152], is GRANTED, and petitioner's section 2255 motion, [D.E. #145], is DISMISSED. The clerk is directed to close this case.

3

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676,683-84 (4th Cir. 2001). A reasonable jurist could not find this Court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 26th day of May 2016.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26